# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:20-cv-02261-SAG |
| **BRANDON PHILLIPS, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Joe Hand Promotions, Inc. ("Plaintiff") filed this action against Brandon Phillips and Somerset Hospitality, Inc. d/b/a M Street Grille ("Defendants"), alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, and the Copyright Act, 17 U.S.C. § 101, *et seq.* ECF 23. Specifically, Plaintiff alleges that Defendants misappropriated the closed-circuit broadcast of the August 26, 2017 fight between Floyd Mayweather, Jr. and Conor McGregor. Plaintiff has now filed an unopposed Motion for Default Judgment against Defendants, seeking $24,400 in damages, fees, and costs. ECF 23. I have reviewed the Motion and accompanying attachments. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Plaintiff's Motion for Default Judgment is GRANTED, and damages will be awarded as set forth herein.

I.  **FACTUAL BACKGROUND**

Plaintiff, a commercial distributor of sports and entertainment programming, filed its Complaint on August 6, 2020, alleging that Defendants violated 47 U.S.C. §§ 605 and 553, as well as 17 U.S.C. § 101, by displaying a televised boxing match between Floyd Mayweather, Jr. and Conor McGregor ("the Event") at M Street Grille without obtaining licensing rights from Plaintiff. ECF 1. Defendants were served with the Summons and Complaint on August 11, 2020 and March

8, 2021.  ECF 5, 18.  Defendants did not file answers or responsive pleadings within the requisite time period.  *See* Fed. R. Civ. P. 12(a).  On September 10, 2020, Plaintiff moved for an entry of default against Somerset Hospitality, Inc., which the Clerk entered on October 6, 2020.  ECF 7, 10.  On April 28, 2021, Plaintiff moved for an entry of default against Brandon Phillips, which the Clerk entered on May 17, 2021.  ECF 20, 21.  Plaintiff now moves this Court for an entry of default judgment against both Defendants.

**II.     LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the parties' default."  Fed. R. Civ. P. 55(a).  Thereafter, the court may enter default judgment at the plaintiff's request and after notice is provided to the defaulting party.  Fed. R. Civ. P. 55(b)(2).  Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court.  *See, e.g.*, *Choice Hotels International, Inc. v. Ja I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29. 2012); *see also Choice Hotels International. Inc. v. Austin Area Hospitality. Inc.*, TDC 15-0516, 2015 WL 6123523. at *1 (D. Md. Oct. 14, 2015).  Although the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

## III. ANALYSIS

Though Plaintiff's Complaint alleged violations of three statutes, 17 U.S.C. § 101, 47 U.S.C. § 605, and 47 U.S.C. § 553, courts in this district have consistently held that a plaintiff cannot recover under multiple such statutes for the same conduct. *See, e.g.*, *J&J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, Civil No. PJM-13-3515, 2014 WL 2964477, at *2 (D. Md. June 27, 2014); *J&J Sports Prods., Inc. v. Royster*, No. RWT-11-CV-1597, 2014 WL 992779, at *2-3 (D. Md. Mar. 13, 2014). Recognizing such, Plaintiff purports to elect for damages pursuant to 47 U.S.C. § 605, ECF 23-1 at 5, which comports with courts' general adoption of § 605 recovery alone on the grounds that it authorizes a greater award that § 553, *see, e.g.*, *J&J Sports Prods., Inc. v. KD Retail, Inc.*, No. CV PX 16-2380, 2017 WL 1450218, at *2 (D. Md. Apr. 20, 2017). Accordingly, this Court will analyze liability and damages under only 47 U.S.C. § 605.

### a. Liability

After reviewing Plaintiff's motion for judgment by default, the exhibits attached thereto, and the record in this case, the Court finds that Defendants were properly served yet failed to plead or otherwise defend. Moreover, Plaintiff has provided a license agreement showing that it had exclusive exhibition rights to live broadcast the Event. ECF 23-11. Plaintiff's proffered evidence also includes screenshots of Defendants' publicity of their showing of the Event, ECF 23-3, as well as social media posts from an attendee who viewed the Event while at M Street Grille, ECF 23-4. Plaintiff also provides evidence in the form of M Street Grille's corporate documents, ECF 23-5, 23-6, suggesting that Brandon Phillips, individually, was vicariously liable for his restaurant's violations by virtue of his position as its owner, because he had the right and ability to supervise the infringing activity and directly financially benefited from it, *see, e.g.*, *Joe Hand Promotions, Inc. v. Uptown Prods., LLC*, No. 1:18CV537, 2020 WL 9848456, at *2 (M.D.N.C.

Apr. 15, 2020). Based on Defendants' failure to respond to these assertions, as well as Plaintiff's well-pleaded allegations and the evidence supporting them, the Court finds that Defendants are jointly and severally liable for violations of 47 U.S.C. §§ 605(e)(3)(C)(i)(II) & 605(e)(3)(C)(ii).

### b. Damages

#### i. Statutory Damages

Under 47 U.S.C. § 605(e)(3)(C)(i)(II), a plaintiff is entitled to an award of statutory damages between $1,000 and $10,000, "as the court considers just," for each violation. Plaintiff provided a rate sheet indicating that the sublicense fee for broadcasting the Event at the M Street Grille would have been $3,700, the going fee for a venue with a seating capacity of 0 to 100 persons. ECF 23-12. Requiring Defendants to pay that sublicense fee is just. Other courts in this district have found the same. *See, e.g.*, *Sabor Latino Rest.*, 2014 WL 2964477, at *3; *J&J Sports Prods., Inc. v. Mumford*, Civil No. DKC-10-2967, 2012 WL 6093897, at *2–3 (D. Md. Dec. 6, 2012); *J&J Sports Prods., Inc. v. Greene*, Civil No. DKC-10-0105, 2010 WL 2696672, at *3–5 (D. Md. July 6, 2010). Accordingly, Plaintiff shall be awarded statutory damages under § 605(e)(3)(C)(i)(II) in the amount of $3,700.

#### ii. Enhanced Damages

Under 47 U.S.C. § 605(e)(3)(C)(ii), a plaintiff is entitled to enhanced damages up to $100,000 where the court finds that a violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Plaintiff requests $18,500 in enhanced damages. In *J&J Sports Productions, Inc. v. Quattrocche*, Judge Nickerson explained that, in determining whether enhanced damages are warranted, courts have considered several factors: "1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gain; 4) advertising the broadcast; and 5) charging an admission fee or charging

premiums for food and drinks." No. WMN-09-CV-3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010). The Supreme Court has defined willfulness as "disregard for the governing statute and an indifference to its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126 (1985).

Here, Defendants' willfulness is unavoidable; its display of the Event was not authorized by Plaintiff and based on the encrypted nature of the Event broadcast it is "exceedingly unlikely that Defendants could have accidentally and fortuitously received [it]." *Quattrocche*, 2010 WL 2302353, at *3. Plaintiff's evidence also establishes that Defendants advertised their showing of the Event on social media and charged a $10 cover fee to enter the establishment to watch it, both facts which counsel in favor of enhanced damages under *Quattrocche*. ECF 23-3, 23-4. However, Plaintiff does not provide evidence of repeated violations over an extended period of time, or of substantial unlawful monetary gain. Indeed, the social media photos of Defendants' showing of the Event do not suggest a particularly crowded venue—in fact, while M Street Grille had advertised a $20 cover fee to enter, it appears to have lowered that fee to $10 on the day of the event, suggesting that demand was, perhaps, not as high as expected. *Id.*

Taking the above factors into account, it is clear that some enhanced damages are warranted but not in the excessive amount that Plaintiff seeks. The decision as to the amount of enhanced damages awarded is firmly within the discretion of the court. *See* 47 U.S.C. § 605(e)(3)(C)(ii). Courts in this District have regularly looked to the statutory damages award as a baseline for determining enhanced damages, multiplying that baseline sum by some number based on the egregiousness of a defendant's conduct. *See, e.g.*, *Joe Hand Promotions, Inc. v. Aguilar*, No. TDC-19-0458, 2019 WL 4071776, at *4 (D. Md. Aug. 29, 2019) (multiplying statutory damages by a little over two to determine enhanced damages); *Joe Hand Promotions, Inc. v. Luz, LLC*, No.

CV DKC 18-3501, 2020 WL 374463, at *3 (D. Md. Jan. 23, 2020) (multiplying statutory damages by three to determine enhanced damages). Here, this Court concludes that Defendants' conduct was willful but not particularly egregious given the lack of evidence of repeated violations or substantial monetary gain, and thus will award enhanced damages of $3,700, effectively doubling the statutory damages award outlined above.

### iii. Attorneys' Fees & Costs

Under 47 U.S.C. § 605(e)(3)(B)(iii), a prevailing plaintiff is entitled to recover "full costs," including "reasonable attorneys' fees." "The party seeking fees bears the burden of proving the reasonableness of the amount sought." *J&J Sports Prods. v. Mumford*, Civil No. DKC-10-2967, 2013 WL 210623, at *2 (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009)). Here, Plaintiff requests attorneys' fees and costs, providing an affidavit by Plaintiff's counsel as to the amount of the fees incurred in this matter based on an hourly rate of $250 per hour for six hours ($1,500) and the costs incurred effecting service on Defendants ($740). ECF 23-10. These totals are not excessive because they align with fee requests in similar cases and are appropriately supported by the proffered affidavit. As such, the Court will award the requested fees and costs in the total amount of $2,240.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment be GRANTED, and judgment will be entered in Plaintiff's favor for $9,640. This total includes $3,700 in statutory damages, $3,700 in enhanced damages, and $2,240 in fees and costs. A separate Order follows.

Dated: July 8, 2021　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge